## ZERR v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. STREET RAILROADS—VEHICLES—INJURIES TO DRIVER—CONTRIBUTORY NEGLIGENCE.

Where plaintiff attempted to drive diagonally across defendant's street car tracks, between street crossings, and placed himself in such a position that a collision was imminent unless the car was stopped to prevent it, plaintiff was guilty of contributory negligence, and could not recover for injuries sustained in such collision.

Appeal from City Court of New York, Trial Term.

Action by Joseph Zerr against the Interurban Street Railway Company. From a City Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Frank Herwig, for respondent.

SCOTT, J. Upon the plaintiff's own evidence, the verdict should have been the other way. The collision occurred, not at a street crossing, but between the streets, and the wagon on which plaintiff rode at-

¶ 1. See Street Railroads, vol. 44, Cent. Dig. § 214.

tempted to cross the track diagonally. It is not made quite clear how
far away the car was when the cart started to cross the track, the
plaintiff varying in his estimate from 4 to 5 feet to 28 or 30. At all
events, it was very close, and the car was not running fast. There is no
evidence in the case as to the distance within which the motorman
could have stopped his car. It may be that, if the motorman had ap-
plied his brake the moment the horse and cart started to cross the track,
the collision might have been avoided, but the conclusion is irresistible
that, unless he did so apply his brake, the car was bound to hit the cart.
In other words, when the cart started to cross the track its driver placed
it in a position in which it was sure that there would be a collision un-
less the car was stopped to prevent it. That is to say the driver put him-
self in a position of danger, relying upon the motorman to avoid it.
Between the streets, this was clearly contributory negligence.

The judgment must be reversed and a new trial granted, with costs
to appellant to abide the event. All concur.